In the United States District Court
For the District of Puerto Rico

| | |
|---|---|
| The United States of America,<br><br>Plaintiff<br><br>v.<br><br>Rey J. Ramírez-Medina,<br><br>Defendant. | Cr. No.:  17-073 (PG)<br><br>Violations: 18 U.S.C. § 924(c) & 21 U.S.C. § 841(a)(1) & (b)(1)(C) |

Sentencing Memorandum

*A. Introduction*

On February 8, 2017, Mr. Ramírez-Medina was charged with a two (2) count indictment for: 1) possessing a firearm in furtherance of a drug trafficking crime, an offense which carries a minimum imprisonment term of five (5) years and; 2) possessing with intent to distribute a detectable amount of cocaine, an offense which carries a maximum imprisonment term of 20 years.  On April 17, 2017, Mr. Ramírez-Medina pled guilty for both counts pursuant to a *straight plea*. The sentencing hearing is set for August 17, 2017 before this Honorable Court.

*B. Mr. Ramírez-Medina's history and personal characteristics*

Mr. Ramírez-Medina is 20 years old.  He has no prior convictions nor arrests. His father, Mr. Aníbal Medina, is a drug addict who has been in and out of prison throughout his entire life.  He is currently incarcerated.  During his childhood, Mr. Ramírez-Medina witnessed his father using drugs on numerous occasions. Moreover, Mr. Ramírez-Medina's maternal uncle was also a drug addict who

eventually passed away as a result of a drug overdose.  Mr. Ramírez-Medina asserts that his father's situation affected him tremendously, since he has always felt he needs his father around.  Mr. Ramírez-Medina has received, and still receives, psychiatric and psychological treatment.  Furthermore, Mr. Ramírez-Medina's best friend was recently murdered.

Mr. Ramírez-Medina and his two (2) sisters were raised solely by his mother, Ms. Glorimar Medina, in a public housing project in the municipality of Barceloneta.  Up until today, they all continue to live together.  Ms. Medina is a dedicated mother, who has tried her best to properly raise her children.  Mr. Aníbal Medina's absence created instability in the family and they have constantly endured economic hardship. However, they are a close family, who support each other no matter what.  Mr. Ramírez-Medina has his parents' name tattooed on his chest and his oldest daughter's name on his left arm, representative of the importance of family.  Throughout this legal process, Mr. Ramírez-Medina's family support him and are desperate to put an end to this unpleasant chapter.

Mr. Ramírez-Medina has two (2) daughters who represent the most important thing in his life.  He has a two (2) year old daughter named Mia Angelique, out of a previous relationship.  Mia Angelique lives with her mother, but Mr. Ramírez-Medina maintains constant contact with her.  For the past one (1) year and a half, Mr. Ramírez-Medina has been in a consensual relationship with Ms. Carla Concepción.  They have a three (3) months old daughter named Brenaly Zahire.

Mr. Ramírez-Medina's biggest concern throughout this process is that he will be separated from his babies. He loves them immensely and feels miserable since he will miss his daughters' early stages. He feels remorseful and now understands the consequences of his actions. Mr. Ramírez-Medina feels depressed and is currently receiving mental health treatment. In order to enjoy his baby to the fullest before sentencing, Mr. Ramírez-Medina wakes up early in the morning to be with his baby daughter, bathes her and sleeps with her. He is literally counting the days for his sentencing hearing and cannot cope with the reality of being separated from her.


**Mr. Ramírez-Medina with his two daughters**



**Mr. Ramírez-Medina with his family. His mother is on the far right.**

Mr. Ramírez-Medina completed his 12th grade and commenced studies in hair styling (barber) and in maintenance of buildings. During high school, Mr. Ramírez-Medina was part of the special education program. Throughout his life, Mr. Ramírez-Medina has received mental health treatment. He was diagnosed with Attention Deficit Hyperactivity Disorder, as he has an explosive personality. Medication is the only thing that calms him. Mr. Ramírez-Medina accepts the

4

previous use of marijuana and different sort of pills, such as Percocet, Tramadol, and Neurontin, in order to reduce his hyperactivity level. However, prior to his arrest, his substance abuse became less as time elapsed. During pre-trial detention, Mr. Ramírez-Medina yielded negative to all controlled substances. Mr. Ramírez-Medina is emphatic he will not continue to use controlled substances. Moreover, Mr. Ramírez-Medina suffers from heart conditions. He went through two (2) open-heart surgeries and currently experiences pain in his chest. Recently, he was hospitalized.

Mr. Ramírez-Medina is a hard worker. In his short lifespan, he has worked at several jobs including, carwash, construction, mechanic, restaurants, and stores, among others. Mr. Ramírez-Medina also helps his neighbors in gardening. Mr. Ramírez-Medina describes himself as a terrific athlete. He enjoys playing volleyball, basketball, baseball and running. He also has a passion for horses. He enjoys taking care of them and taking them to fairs. His other hobbies include going to the beach, movies, riding four tracks and spending time with his family.

Mr. Ramírez-Medina is sincerely remorseful for his actions. He asserts he committed these felonies out of stupidity and ignorance. He understand he was surrounded by the wrong circle of friends and that he made stupid decisions. However, he now understands the consequences of his actions and he will certainly pay for them. He will be incarcerated for at least five (5) years. Five (5) years away from his family, five (5) years away from his daughters, (5) years that

his family will be suffering for his actions. Nevertheless, Mr. Ramírez-Medina perceives this process as a learning experience and is emphatic he will not return to the sort of life that brought him here. He is now aware of the importance of family. Upon his release, Mr. Ramírez-Medina wishes to finish studying and hopefully become a paramedic. He understands that drugs and firearms only lead you towards two (2) paths: prison or death. Upon release, Mr. Ramírez-Medina wants to stay with his family, specifically with his two daughters. He wants to be the father he always wished for and lead as example. More important, he wants his daughters to be safe.


**Mr. Ramírez-Medina with his family**

On February 3, 2017, Honorable Magistrate Judge Silvia Carreño-Coll imposed conditions of release with home detention and electronic monitoring device, among other standard conditions of release. Since his release, Mr. Ramírez-Medina has complied with every condition, demonstrating that he is not a danger to the community nor a risk of flight. Moreover, he has yielded negative results to all drugs tested and has attended all mental health appointments, demonstrating his determination to stay clean and to rehabilitate. Today, Magistrate Judge Silvia Carreño-Coll modified Mr. Ramírez-Medina's conditions of release and allowed him to visit his daughters every day for six (6) hours. Mr. Ramírez-Medina feels sincerely grateful.

*C. Guidelines' Calculations*

For possession of a firearm in furtherance of a drug trafficking crime (Count No. 1), the United States Sentencing Guidelines' (hereinafter "USSG") sentence recommendation is the minimum term of imprisonment required by statute. Under 18 U.S.C. § 924(c)(1)(A)(i), the minimum term of imprisonment is <u>60 months</u>. On the other hand, <u>although charged with possession with intent to distribute a detectable amount of cocaine in Count No. 2</u>, the laboratory report reflected that the white powdery substance seized was in fact, 6.38 grams of <u>cocaine base</u>. Therefore, the USSG establish a Base Offense Level of 16 pursuant to section 2D1.1(c)(12).[1] Since Mr. Ramírez-Medina accepted responsibility for his actions, a three (3) level decrease is warranted for a Total Offense Level of 10,

---

[1] At least 5.6 G but less than 11.2 of cocaine base.

pursuant to USSG § 3E1.1(a) and (b). With a Total Offense Level of 13 and a Criminal History Category of I, the USSG recommend a sentence of <u>12-18 months of imprisonment.</u>

*D. Mr. Ramírez-Medina's request*

Mr. Ramírez-medina respectfully requests this Honorable Court to impose a sentence of <u>60 months</u> for Count No. 1, the minimum term of imprisonment required by statute. Fort Count No. 2, Mr. Ramírez-Medina respectfully requests this Honorable Court to impose a sentence outside of the advisory USSG and sentence him under a variance to <u>one (1) day of imprisonment</u>. Mr. Ramírez-Medina's history and personal characteristics warrant such a sentence.

This Honorable Court may impose a sentence outside of the applicable Guidelines range when "*the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.*" 18 U.S.C. § 3553(b). The Sentencing Guidelines also consider the offender's characteristics when determining whether a departure is warranted, if such characteristics and circumstances are present to an exceptional degree. (§ 5K2.0(a)(4)).

The time that Mr. Ramírez-Medina will spend in prison, which will be at least five (5) years, plus an additional term of at least three (3) years of supervised release, will definitely address the factors to be considered in imposing a sentence under 18 U.S.C. § 3553. The nature and circumstances of the offense

and the history and characteristics of Mr. Ramírez-Medina warrant the sentence requested. It will reflect the seriousness of the offense, will promote respect for the law and will provide just punishment for the offense. The sentence will also afford adequate deterrence to criminal conduct and will protect the public from further crimes of the defendant. The Sentencing Commission reasons that first offenders are less-culpable, less likely to reoffend and deserving of reduced punishment.[2] Mr. Ramírez-Medina's behavior during pretrial release demonstrate that he deserves such a sentence.

The circumstances surrounding Mr. Ramírez-Medina's life definitely influenced his behavior. Certainly, it's not an excuse, but it's something this Honorable Court should consider. Not having a paternal figure around, witnessing drug use by close family members since the early stages of his life, being around the wrong circle of friends, and his mental health conditions, among others, are factors that influenced his behavior. Moreover, when Mr. Ramírez-Medina gets released from prison, he will still be a young man with a future in front of him and a chance to be a productive member of society.

Bearing in mind the factors to be considered in imposing a sentence under 18 U.S.C. § 3553 and the information stated above, Mr. Ramírez-Medina respectfully requests the Honorable Court to **impose a sentence of imprisonment of 60 months for Count No. 1, and a term of one (1) day of imprisonment for Count No. 2**, **to run consecutively with each other**, a

---

[2] Valerie Wright, Sentencing Project, *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment* (2010) 7.

sentence sufficient but not greater than necessary to serve the goals of sentencing.

WHEREFORE, the defendant, Mr. Ramírez-Medina, respectfully requests this Honorable Court to take note of this sentencing memorandum and sentence him accordingly.

I HEREBY CERTIFY that on this date I electronically filed the present motion with the Clerk of the Court using the CM/ECF system which will send electronic notification of said filing to all parties of record.

Respectfully submitted.

In San Juan, Puerto Rico, this 9th day of August, 2017.

Eric A. Vos
Federal Public Defender
District of Puerto Rico

*S/ Edwin A. Mora Rolland*
Edwin A. Mora Rolland
Assistant Federal Public Defender
USDC-PR 304603
241 F.D. Roosevelt Avenue
Floor 3
San Juan, Puerto Rico 00918-2305
(787) 281-4922 Ext. 262
edwin_mora@fd.org